392

Manila VORFA, Zamir
Vorfa, Petitioners,

v.

Eric H. HOLDER, Jr., Respondent.*

No. 07–3599–ag.

United States Court of Appeals,
Second Circuit.

Feb. 26, 2009.

Andrew P. Johnson, New York, NY, for Petitioners.

Brendan P. Hogan (Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, on the brief), Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: JOSÉ A. CABRANES,
REENA RAGGI and PETER W. HALL,
Circuit Judges.

### SUMMARY ORDER

Manila and Zamir Vorfa, wife and husband, petition for review of a July 23, 2007, decision of the BIA denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Petitioners challenge the adverse credibility determination made by the Immigration Judge ("IJ"), arguing that it is contradicted by the record. *See* 8 U.S.C. § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *see also Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir.2009) ("We review ... factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." (internal citations and quotation marks omitted)). We disagree. The IJ properly based his adverse credibility de-

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Hold- er, Jr., is automatically substituted for former Attorney General Alberto Gonzales.

termination on, *inter alia*, (1) inconsistencies in the testimony of petitioners regarding the alleged June 24, 2001, kidnaping attempt; (2) testimonial inconsistencies with respect to where Manila Vorfa voted in the June 2001 election; and (3) Manila Vorfa's representation in an asylum interview and on cross-examination before the IJ that her home in Albania had been bombed, despite the omission of such an allegation from both her asylum application and her direct testimony, and despite Zamir Vorfa's apparent lack of awareness of any such bombing attempt. In light of this record, we conclude that the IJ's adverse credibility determination is supported by the record and easily withstands our review under the substantial evidence standard.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.